### CORNELL vs. BOSTWICK and others.

The defendant in a suit in chancery is not entitled to a bill of particulars of the complainant's demand previous to putting in his answer ; the forms of the court rendering a bill of particulars unnecessary.

Where a complainant seeks to recover an unliquidated account against the defendant upon a general allegation of indebtedness, without any specification of the items of the account, the court at the hearing will not go into the items, but will refer it to a master to take the accounts between the parties; on which reference the defendant will be permitted to make any legal or equitable defence which he may have to the several items of the account.

March 6.    The bill in this cause was filed against the personal representatives of W. Bostwick, deceased, and against his surviv-

ing partner, to recover the amount of certain notes executed by the partnership to the complainants; and also to recover an alleged balance due from the partnership to the complainants on account. The ground upon which the complainants claimed the aid of this court was the alleged insolvency of the surviving partner, in consequence of which they had no remedy at law. The defendants presented a petition, stating that they were advised by counsel and believed that the representatives of Bostwick could not, with justice and safety to his estate, put in an answer to the complainants' bill, without a specification of the claims and demands of the complainants, and full copies of their accounts against the partnership and against Graves, the surviving partner. The petitioners therefore prayed that the complainants might be compelled to furnish a full specification or copy of their claims against the estate of Bostwick, and copies of the accounts between the parties, including credits.

*D. Gardner*, for the complainants, insisted that the defendants were not entitled to a bill of particulars.

*G. B. Throop*, for the defendants. If this suit was at law, the order for a bill of particulars would be granted upon showing the facts set forth in the complainants' bill. (*Adlington* v. *Appleton*, 2 Campb. Rep. 410. *Mitchell* v. *Wright*, 1 Esp. Rep. 280.) The case in 15 *John. R.* 222, is in our favor, and sustains the rule laid down in the two cases cited. The defendants are executors and trustees. I consider this suit analogous to a suit at law, both as to the cause of action and the manner of prosecution. In regard to the latter particular, it must be remembered that the complainants have waived an answer on oath, which has deprived the defendants of a right which in many cases in chancery decides the controversy. The defendants' oath is equivalent to one witness. The revised statutes give the power to a complainant to take from the defendant this advantage, and thus have changed a fundamental principle in the court of chancery. Before this alteration in the law, the complainant could only have attained such an object by an application to the court, when it would have

1832.

Cornell
v.
Bostwick.

been competent for the defendant to have appeared and asked, as terms, what our motion seeks. But further, the matter of the answer has changed, and the new rules of chancery based upon the statute, provide that no exceptions to the sufficiency of the answer can now be taken by the complainant. Thus is the great and peculiar characteristic of a suit in chancery at once destroyed, and a defendant may now put in the general issue as at law, or a simple denial of the complainant's allegations, upon which every thing is to be maintained upon proofs. Motions like the present, since the alteration of the law, will be entertained. A suit in chancery has now become identical in its essential features with a suit at law; and surely the equitable principles which have found favor in a foreign tribunal at law will more readily prevail at home in a court of equity. The principle having changed in the latter court, the practice must be changed accordingly. I however find cases sufficient to warrant my application, even under the old practice, before the essential change referred to; and they are cases where the applicants asked more than the defendants do here. In the case of *The Princess of Wales* v. *E. Liverpool, &c.* (1 *Swanston*, 114, *&c.*) the defendant was advised that it was necessary, in order that his answer might fully meet the case in the bill, to have an inspection of certain papers of the complainant, and an order was made that he should not be compelled to answer till a fortnight after the production thereof. This case establishes all that we contend for. (*See also* 2 *Hovenden's Suppl. to Vesey, jun. p.* 39; *Note to Wiley* v. *Pistor,* 7 *Ves.* 411.) There it was held that this motion would be entertained without putting the defendants to a cross bill. (*See also Pickering* v. *Rigley,* 18 *Vesey,* 484.)

THE CHANCELLOR. I have not been able to find any case in which the court of chancery has made an order for a specification of the complainant's demand, in the nature of a bill of particulars at law. Upon the first view of this question, I was inclined to think this was a case in which the defendants were entitled to a specification of the date, amount, and particular nature of each item of the account claimed against

them under the general charges in the bill ; on the same principle which governs courts of law in requiring the plaintiff to furnish a particular of his demand upon a general declaration. But upon further examination and reflection, I am satisfied such a course is not necessary for the attainment of justice, and that the adoption of such a practice would in many cases lead to great and unnecessary delay and expense. The forms of pleading in this court are such as to furnish to the defendant, in most cases, all the information as to the particular nature of the claim made against him which can be necessary to enable him to meet it by an appropriate defence. And if, as in this case, the complainant seeks to recover a book account against the defendant, upon a general allegation in the bill of indebtedness, and without a specification of the items, the court at the hearing will not undertake to settle the account. It will in that case be referred to a master, with liberty to the defendant to introduce new testimony, or to make any legal or equitable defence which he may have to each and every item thereof. The defendant will there be also permitted to examine the complainant on oath as to any discounts or payments which are proper to be allowed. And if the complainant has put the defendant to any unnecessary trouble or expense, by refusing to furnish the necessary information as to the nature and extent of his demands, or as to the payments which have been received, the court will take that into consideration in deciding upon the question of costs.

There can be no pretence in this case for calling upon the complainants to furnish copies of the accounts which were settled by the partners in the life time of the testator, and for which the notes in question in this cause were given ; as there is no allegation in the petition that any mistake occurred in those settlements. The petition of the defendants must therefore be dismissed. And as it is not alleged by the petitioners that they have ever asked for a copy of the accounts, or for an inspection of the books of the complainants in relation thereto, they must be charged with the costs of opposing this application.