By the Court—Bosworth, Ch. J.
The order of the 29th of November, 1861, not having been appealed from by either party, it is just, for all the purposes of this appeal, to regard it as one with which it is the duty of the defendant to comply. And it is also just to hold, that a compliance with it is all that the plaintiff has a right to demand.
That requires the defendant to furnish “ a bill of particulars of such alleged services, * * specifying the nature and character thereof, and the amounts claimed therefor, respectively, and, as far as practicable, the dates and amount of each item of such service.”
The defendant does not claim that the services were rendered under “ a general employment at a yearly salary,” but, on the contrary, alleges, and the case shows, that they were not.
The order appealed from requires the defendant, if he claims to recover, under the first item of the bill of particulars already furnished, for any particular service not *602 rendered under a general employment at a yearly salary, “ to state separately (on a further bill of particulars) the dates, items and values of such particular services, and each of them, as the defendant seeks to recover for, or purposes to prove, under the said first item.”
That first item reads thus, viz.: “ Services by James J. Ring, as the general agent and manager of the plaintiff in attending to, and taking charge of the affairs and property of the plaintiff from July, 1844, to November, 1855, 11 years and 4 months, at $5,000 per annum, $56,-666.66.
This states the nature or particular character of the services for which the defendant claims to recover, and the amounts claimed therefor.
It, therefore, is a literal compliance with the terms of the order of the 29th of November, 1861, unless it is practicable for the defendant to itemize the services more minutely, than by a division of them into periods of á year each.
The defendant swears that it is not, and states why it is not; and unless his sworn statement in regard thereto is false on its face, it should be accepted as true.
In such an action as this, it was not the practice of the Court to assume authority to order a bill of particulars, prior to the amendment of § 158 of the Code, made in 1851. (Laws of 1851, App., p. 56, § 158; Cornell v. Bostwick, 3 Paige, 160.)
The order of the 29th of November, 1861, should be construed with reference to the practice in such cases, and especially with reference to the views of the Judges of the Court of Appeals, as expressed in their written opinions, which state the inquiry this Court was to make on the cause being remitted to it.
Judge Selden’s opinion contains these passages, viz.: It is contended on the part of the appellant, that the intestate was entitled to a compensation for his services, as the general managing agent of the plaintiff, for a long period.”
“ The Judge has found that from the year 1844 to 1856, the intestate took charge of all affairs and property *603 of the said plaintiff, paid his hills, managed his property, and supplied him with money from time to time.” * *
“ There seems to be no just reason why he or his representatives should not receive a reasonable allowance for his twelve years service.”
And thereupon the Court of App'eals directed the judgment to be opened, to inquire iuto the value of the intestate’s services, other than professional.
The first item of the bill of particulars states the services as thus described in Judge Selden’s opinion; and it would seem that there could be no doubt what matters the Court of Appeals intended should be investigated; nor any as to the nature of the defendant’s claim.
Looking at the order of November 29, 1861, with reference to Judge Selden’s opinion, it would seem to have been framed with a view to compel the defendant to limit his claim to the matters which that opinion specifies, or if any further claim was to be made, to require as particular a statement of it as the defendant could furnish, and at/all events a statement of its nature and character, and of the amount claimed.
But it Avas not intended to require the defendant to furnish such a bill as is demandable of right, in actions at law, at the peril, in case of failure from inability to do so, of being precluded from all inquiry into the matters, which the cause was remitted for the especial purpose of having examined, after it had been adjudged that the defendant was of right entitled to be compensated therefor; and for not compensating for which, the judgment of this Court was reversed. 1
The order appealed from goes further than the order of Nov. 29, 1861, and requires a specification of the date, item, and value of each service, as the defendant seeks to recover for it, or purposes to prove it, and assumes that it is an insufficient bill of particulars, where a party seeks to recover a yearly compensation for services claimed to have occupied the substance of the time of each year, and to have been continued through a period of twelve years.
*604 This is exacted, in order to make a compliance with an order which only requires a statement of the nature and character of the services, and the amounts claimed therefor, with such a specification of items, and 'dates, and amounts of the services respectively, as it was practicable to make.
And it is exacted in disregard of the defendant’s affidavit, that it is out of his power, for reasons which he states, to give further particulars.
I think the order appealed from goes much further than that of November, 29th, 1861, and that the defendant has complied with the latter, according to its spirit and just interpretation, when considered in connection with his affidavit, and the opinion referred to.
The bill of particulars furnished is valuable to the plaintiff, in that it limits the defendant’s claim (so far as this item is concerned,) to the matter expressly within the contemplation and judgment of the Court of Appeals in opening the judgment, whereas the order of reference is sufficiently comprehensive to admit proof of any service not professional, no matter to what it may relate.
Although the order of reference is not in terms so limited, yet the opinion of the Court of Appeals shows, that the judgment was opened for the express purpose of enabling the defendant to prove and obtain compensation for about twelve years of services by the intestate, as managing agent for the plaintiff. That such object may not be defeated, or its attainment obstructed, the first item of the bill of particulars should be regarded as a compliance with the order of November 29, 1861, which, in respect to that particular matter, should not be construed as requiring any more of particularity as to items than is practicable ; the fact of practicability being tested by the nature of the claim itself, the facts and circumstances of the case, and the uncontradicted affidavit of the defendant.
The order appealed from does not call for anything further, in regard to the second item in the bill of particulars.
*605 In respect to the third item, it may be justly said, that the bill furnished does not comply with the order of November 29, 1861. It does not state what sum is claimed for the services rendered in 1850, or in 1851, or in both years, as an aggregate.
The alleged services and disbursements are estimated in gross at $10,000.
The defendant can state how much is claimed for the services rendered in 1850, and in 1851, separately, and the nature of the services, and he can state what he claims for disbursements. The defendant’s affidavit, in its denial of ability “ to give a more particular account of such services, (the services of which it speaks,) is not so pointed that it should be regarded as referring to the services covered by this third item.
It is not clear that the order of reference, as entered, will permit an inquiry whether the intestate expended money by authority of the plaintiff, in paying the expenses of agents other than himself. The order directs an inquiry whether the intestate “ had * * a just claim against the plaintiff for services not professional, * * and the amount of such claim,” and that is the only inquiry which it, in terms, authorizes.
If the intestate rendered special services in 1850 and 1851 for the plaintiff, at Albany, for which compensation should be made, possibly his necessary expenses in going, staying there, and returning, may be estimated under a claim for the services. But it is not apparent that money disbursed to defray expenses of other agents, or to promote the objects of the agency, and not forming part of his necessary personal expenses, can be.
I think the order appealed from should be modified, by requiring such particulars to be furnished of the services covered by the third item, as the order of November 29, 1861, requires, and that, in so far as it demands further particulars in respect to the first item, it should be reversed.
Ordered accordingly.